**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NATHANIEL RIDLEY,

        Plaintiff,

vs.                                                      Case No. 3:07-cv-1173-J-16JRK

ERIC STEWART, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Plaintiff Nathaniel Ridley's Affidavit of Indigency (Doc. No. 2; "Affidavit") filed December 12, 2007, which the Court construes as a Motion for Leave to Proceed In Forma Pauperis. Upon review of the Complaint (Doc. No. 1; "Complaint"), also filed on December 12, 2007, and Amended Complaint (Doc. No. 12; "Amended Complaint") filed on February 21, 2008, the undersigned recommends dismissal of the suit for failure to state a claim on which relief may be granted.

**I.    Background / Procedural History**

Plaintiff filed his Complaint, along with the Affidavit on December 12, 2007, asserting causes of action against fifteen Defendants, most being medical doctors, medical staff members, and attorneys. As the bases for his claims, Plaintiff cites: 1) The "Civil

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

Rights Act";[2] 2) The Equal Protection Clause of the Fourteenth Amendment to the Constitution; 3) "Constitutional Rights as in cru[e]l and unusual punishment"; 4) The Due Process Clause of the Fifth Amendment to the Constitution; 5) Ineffective assistance of counsel in violation of the Sixth Amendment to the Constitution; 6) Acting as an attorney without a license; and 7) Conspiracy in a criminal manner.

Plaintiff cites a variety of claims against medical doctors who allegedly failed to provide adequate medical care. See Complaint at 3-5. Additionally, Plaintiff points to several attorneys as providing inadequate assistance with his legal matters by failing to "get off [his] case," refusing to "step down," and permitting non-lawyers to work on his legal matters (but does not state what his legal matters actually were).[3] Complaint at 4-5. Subsequent to filing his Complaint, on January 3, 2008, Plaintiff also filed a Motion to have all of his medical records sent to the Court (Doc. No. 6; "Motion for Medical Records").

As the parties do not appear to be diverse and none of Plaintiff's causes of action appears to present a cognizable federal claim, the Court entered an Order (Doc. No. 8; "Advisement Order") on January 4, 2008, taking Plaintiff's Complaint under advisement and directing him to file an Amended Complaint by February 4, 2008. Advisement Order at 10. On January 8, 2008, the Court denied without prejudice Plaintiff's Motion for Medical Records (Doc. No. 9; "Order Denying Plaintiff's Motion for Medical Records")

---

[2] The Court assumes that by citing "The Civil Rights Act," Plaintiff is intending to vindicate his constitutional claims through 42 U.S.C. § 1983 (providing a civil action for deprivation of constitutional rights through color of state law).

[3] For a detailed discussion of each claim that Plaintiff asserts and the Defendants against whom he asserts them, see infra at 5-12.

because Plaintiff did not comply with the Federal Rules of Civil Procedure and Local Rules for the Middle District of Florida. Order Denying Plaintiff's Motion for Medical Records at 1. Additionally, the Court recognized that Defendants likely had not been served with process, as Plaintiff's Motion for Leave to Proceed In Forma Pauperis had not yet been ruled upon. Id. at 1-2.

On February 4, 2008 (the date Plaintiff's Amended Complaint was due to be filed), Plaintiff filed a document entitled "Response to Order" (Doc. No. 10; "Response to Order"), in which he appears to be responding to the Order Denying Plaintiff's Motion for Medical Records, rather than filing an Amended Complaint. See Response to Order at 1-2. As such, on February 12, 2008, the Court entered an Order to Show Cause (Doc. No. 11; "Order to Show Cause") which directed Plaintiff to file an Amended Complaint by March 3, 2008. Order to Show Cause at 1. Plaintiff was warned that failure to file an Amended Complaint by March 3, 2008 may result in the Court recommending that the case be dismissed for failure to prosecute. Id. at 1-2.

On February 21, 2008, Plaintiff filed a document entitled, "Show Cause, Amended Complaint." Amended Complaint at 1. The Amended Complaint asserts that Plaintiff is "being denied his due process [rights] under the Fifth Amendment. . ." and "his equal protection rights are also being violated under the Fourteenth Amendment. . . because he is not being treated in an equal manner and is being fe[]d with an empty spoon and looked upon with an evil eye." Id. at 1-2. Plaintiff asserts that other persons with the same issues have received their medical records, but Defendants have failed to give Plaintiff his

medical records. Id. at 2. Plaintiff also states that his "medical records will prove all of the facts in which [he has] stated through[]out [his] Motions." Id.

## II.     Standard of Review

A plaintiff may be allowed to commence a civil action in forma pauperis, i.e., without payment of court filing fees, when that plaintiff declares in an affidavit to the court that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court receiving such a case, however, must dismiss a case sua sponte if, at any time, it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

With respect to failing to state a claim on which relief may be granted, the language of section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure ("Rule") 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). A properly stated claim "may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007) (citing Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994)). Pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir. 1993).

**III.    Discussion**

Although Plaintiff's Affidavit demonstrates his inability to pay the Court's filing fee, Plaintiff should not be permitted leave to proceed in forma pauperis because his Amended Complaint fails to state a viable claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  As Plaintiff's Amended Complaint does not raise additional claims, nor support those claims in Plaintiff's original Complaint, the Court hereinafter relies on its original analysis of Plaintiff's Complaint (see Advisement Order).[4]

**A.  Section 1983 Claims**

Section 1983 of Title 42, United States Code provides, "[e]very person who . . . subjects . . . any Citizens of the United States . . . to the deprivation of any rights . . . shall be liable to the party injured in an action at law."  To state a cause of action under section 1983, Plaintiff must allege: (1) that he was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under color of state law.  See Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing Flagg Bros. v. Brooks, 436 U.S. 149, 156-57 (1978)).  Section 1983 is not a source of substantive federal rights.  Whiting v. Traylor, 85 F.3d 581, 583 (11th Cir. 1998) (citing Albright v. Oliver, 510 U.S. 266, 271 (1994)).  Instead, to state a valid claim under section 1983, a plaintiff must point to a

---

[4]    The Court recognizes that the Amended Complaint is controlling.  However, as it is unclear whether Plaintiff realizes that his Amended Complaint essentially replaces the original Complaint, the Court analyzes whether Plaintiff has asserted viable claims in each of his Complaints.  See Tannenbaum, 148 F.3d at 1263.  Therefore, both Plaintiff's original Complaint and his Amended Complaint are cited infra, although the Amended Complaint appears to repeat two (2) of the many allegations in the original Complaint.

violation of a specific federal right.  Id.

Plaintiff points to several alleged constitutional violations, but fails to explain how the conduct complained of was committed by Defendant(s) acting under color of state law. See Harvey, 949 F.2d at 1130.  Plaintiff's allegations center around seemingly private medical doctors, offices, and attorneys.  Plaintiff does not claim that any of the Defendants are public employees or entities.  Although Plaintiff alleges that he is on Medicaid[5] and "Patchent,"[6] Plaintiff fails to show how the private medical doctors and attorneys have acted under color of state law with regard to his treatment.  See id.

The Eleventh Circuit has identified three tests for determining whether a private person or entity should be considered a state actor: "(1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test."  Nat'l Broad. Co. v. Comm'ns Workers of Am., 860 F.2d 1022, 1026 (11th Cir. 1988).  The public function test is very limited and applies only when the private party is performing a function that is traditionally within the exclusive purview of the government.  See id.  Similarly, "the state compulsion test . . . limits state action to instances in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." Id.  Plaintiff does not claim that Defendants were performing governmental functions when they allegedly failed to give him proper medical treatment and allegedly mishandled his legal matters, nor does he claim that Defendants were encouraged or coerced by the government.

---

[5] Medicaid is a government health program for individuals and families with low incomes and resources.

[6] The Court is unable to ascertain what Plaintiff is referring to when he cites that he is on "Patchent."

Accordingly, Plaintiff has not stated facts that satisfy either the public function test or the state compulsion test.

Finally, Plaintiff may show that the Defendants were state actors under the nexus/joint action test. See id. To find state action under this test, a court must determine that "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." Id. at 1026-27 (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 357 (1974)). Such a finding requires that the governmental body and the private party are intertwined in a "symbiotic relationship." Jackson, 419 U.S. at 357. Again, Plaintiff has failed to claim that a "symbiotic relationship" existed between any governmental body and the private parties. See id. Accordingly, because Plaintiff has not alleged that Defendants acted under color of state law (by failing to plead facts that would satisfy any of the Eleventh Circuit's three National Broadcasting tests), his claims under section 1983 should be dismissed. See Nat'l Broad., 860 F.2d at 1026; Harvey, 949 F.2d at 1130.

Even assuming, arguendo, that Defendants somehow were acting under color of state law, Plaintiff's Complaint has several other deficiencies that amount to a failure to state viable claims under section 1983.

### i. Violation of the Equal Protection Clause of the Fourteenth Amendment

At the beginning of his Complaint, Plaintiff asserts that all Defendants violated the Equal Protection Clause of the Fourteenth Amendment, but does not assert how this alleged violation occurred. Complaint at 2; see also Amended Complaint at 1-2. To

establish a violation of the Equal Protection Clause, Plaintiff must allege that Defendants, under color of state law, acted with discriminatory intent and purpose. Ferguson v. Georgia Dept. of Corrections, 428 F. Supp. 2d 1339, 1364 (M.D. Ga. 2006) (citing Cross v. Alabama, 49 F.3d 1490, 1507 (11th Cir. 1995)).  As previously discussed, Plaintiff has failed to show how Defendants acted under color of state law. See supra at 3-5. Furthermore, Plaintiff has not alleged that Defendants acted with discriminatory intent and purpose. See Ferguson, 428 F. Supp. 2d at 1364; Cross, 49 F.3d at 1507.  Plaintiff's claim for a violation of the Equal Protection Clause should be dismissed.

### ii. Violation of the Due Process Clause of the Fifth Amendment

Plaintiff also claims that Defendants Amanda Music[7] (an employee at First Coast Medical Center) and Dexter Van Davis (apparently an attorney) refused to give Plaintiff all of his medical records, thereby violating Plaintiff's Fifth Amendment Right to Due Process. Complaint at 4; see also Amended Complaint at 1-2.  However, the Fifth Amendment's guarantee of Due Process applies only to action of the federal government. Guthrie v. Alabama By-Products Co., 328 F.Supp. 1140, 1143 (N.D. Ala. 1971), aff'd, 456 F.2d 1294 (5th Cir. 1972).[8]  By referring to Defendant Music as an employee at First Coast Medical Center, and failing to state Defendant Van Davis' job title (but inferring that he is an attorney by subsequently charging him with ineffective assistance of counsel), Plaintiff fails

---

[7] Plaintiff spells this Defendant's first name two different ways in the Complaint: Amanda and Ameanda.

[8] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

to show that Defendants Music and Van Davis are in any way intertwined with the federal government. See Complaint at 4.  Accordingly, Plaintiff's Due Process claim under the Fifth Amendment is subject to dismissal.[9]

### B. Cruel and Unusual Punishment in Violation of the Eighth Amendment

Plaintiff points to "cru[e]l and unusual punishment" by Defendant Dr. Eric Stewart. Complaint at 3.  Plaintiff alleges that he needed an M.R.I. and Defendant Stewart did not give Plaintiff the "Constitutional Right to cho[o]se [where] to do [the] M.R.I."  Id.  After Plaintiff chose a facility in Orange Park, Florida, he claims that Defendant Stewart deliberately switched the M.R.I. to Shands Hospital (located in downtown Jacksonville, Florida).  Id.  Defendant Stewart also allegedly refused to write Plaintiff a referral to the facility in Orange Park that Plaintiff had chosen.  Id.  Finally, Plaintiff asserts that Defendant Stewart sent him a written letter stating that he would no longer prescribe Plaintiff pain medication despite knowing about Plaintiff's kidney infection and associated stomach and genitalia swelling.  Id.

The law is well settled in this area.  The Eighth Amendment's prohibition against cruel and unusual punishment applies only after conviction of a crime.  See, e.g., Sweatt v. Bailey, 876 F. Supp. 1571, 1583 (M.D. Ala. 1995) (citing Whitley v. Albers, 475 U.S. 312, 318 (1986)); D'Aguanno v. Gallagher, 827 F. Supp. 1558, 1563 (M.D. Fla. 1993), vacated in part on other grounds, 50 F.3d 877 (11th Cir. 1995); Williams v. Richmond

---

[9] The Court notes that there is also a Due Process Clause of the Fourteenth Amendment, which extends Due Process protections to actions of state government actors.  However, as Plaintiff has not alleged that Defendants Music and Van Davis are state actors, see Harvey, 949 F.2d at 1130, Plaintiff's Due Process claim fails under either Amendment.

-9-

County, Ga., 804 F. Supp. 1561, 1568 (S.D. Ga. 1992). Plaintiff has not stated that he was convicted of a crime. Furthermore, Plaintiff has not offered facts that connect Defendant Stewart's alleged deprivation of medical treatment to any criminal conviction. Therefore, Plaintiff's claim of cruel and unusual punishment in violation of the Eighth Amendment should be dismissed.

### C. Ineffective Assistance of Counsel in Violation of the Sixth Amendment (and related attorney claims)

Plaintiff urges that Defendants Brad Gibson and Dexter Van Davis are "guilty of ineffective assistan[ce] of counsel" in violation of the Sixth Amendment to the Constitution. Complaint at 4-5. Plaintiff states that Defendant Gibson "drew up papers" in what appears to be some sort of settlement agreement.[10] See id. at 4. Additionally, Plaintiff claims that Defendant Van Davis "r[ef]used to step down" when Plaintiff fired him because "State Farm refused to cooperate." Id. Finally, Plaintiff avers that Defendant Robert J. Fenstersheib (apparently an attorney) "permitted a non-lawyer to work on Plaintiff's case," and cites "acting as an attorney without [a] lic[ense]" as the claim connected with this Defendant attorney. Id. at 5.

The law is also well settled in this area. The Sixth Amendment to the Constitution protects only the rights of criminal defendants. See, e.g., Faretta v. California, 422 U.S. 806, 819 (1975); Steinke v. Washington County, 857 F. Supp. 55, 57 (D. Or. 1994). Unless and until a person has been accused of a crime, the Sixth Amendment does not

---

[10] It is very difficult for the Court to ascertain what actually happened in this situation based upon the facts asserted in Plaintiff's Complaint. See Complaint at 4.

protect that person. See Faretta, 422 U.S. at 819.  Plaintiff has not been accused of a crime in connection with his allegations of ineffective assistance of counsel.  To the contrary, the allegations appear to be over a civil settlement agreement.  See Complaint at 4-5.  Therefore, Sixth Amendment protections do not apply to Plaintiff in this context.

Additionally, that Defendant Fenstersheib allegedly permitted a non-lawyer to work on Plaintiff's case does not make Defendant Fenstersheib (an attorney) liable for acting as an attorney without a license.  Plaintiff's claims against the attorneys should be dismissed.[11]

### D. Conspiracy in a Criminal Manner

Plaintiff claims that all other Defendants named are liable "pursuant to the criminal act of conspiracy in a criminal manner."  Complaint at 5.  Specifically, Plaintiff states that Defendant Brad Gibson "is guilty pursuant to shock damages."  Id.  Civil causes of action do not generally lie under the criminal statutes contained in Title 18 of the United States Code.  See Del Elmer v. Metzger, 967 F. Supp. 398, 403 (S.D. Cal. 1997).  Plaintiff fails to allege a proper civil cause of action by citing "the criminal act of conspiracy."  See Complaint at 5.  Likewise, a generic accusation of liability pursuant to "shock damages" with no cause of action stated and no facts to show how Defendant Gibson is liable does not suffice as a cognizable civil cause of action.  See id.

---

[11] If Plaintiff's malpractice claims against his attorneys (and/or doctors) are viable state law claims, the Court could obtain jurisdiction through Plaintiff alleging diversity of citizenship. See 28 U.S.C. § 1332. However, Plaintiff has not alleged that any of the Defendants are citizens of any state other than Florida, and it appears that they all live and work in the state of Florida. Plaintiff's address also appears to be a Jacksonville, Florida residence. See Amended Complaint at 2. Assuming Plaintiff is a Florida citizen, diversity amongst the parties does not appear to exist.

### E. Miscellaneous Claim

Plaintiff asserts that Defendant Dr. Laski refused to continue to write Plaintiff referrals to be treated at Brooks Rehabilitation Center, but fails to attach a viable cause of action to this alleged fact. See Complaint at 4.

## IV. Conclusion

The Court previously granted Plaintiff the opportunity to amend his original Complaint, giving Plaintiff clear instructions to state his claim in a "simple, concise, and direct" fashion. Advisement Order at 10 (quoting Fed. R. Civ. P. 8(e)). Plaintiff's Complaint and Amended Complaint fail to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

After due consideration, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed In Forma Pauperis / Affidavit of Indigency (Doc. No. 2) be **DENIED**.

2. Plaintiff's Amended Complaint (Doc. No. 12) be **DISMISSED for failure to state a claim on which relief may be granted** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on March 5, 2008.

*James R. Klindt*
**JAMES R. KLINDT**
United States Magistrate Judge

kas

Copies to:

The Honorable John H. Moore II

Counsel of Record

    and Pro Se Parties, if any